IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:  TOWN SPORTS INTERNATIONAL, et al., | ) Chapter 11 ) ) Bankruptcy Case No. 20-12168 (CSS) |
| Debtors. | ) BAP No. 21-15 |
| | ) |
| RAMON MORENO-CUEVAS, | ) ) |
| Appellant, | ) ) |
| v. | ) ) C.A. No. 21-458 (MN) |
| TOWN SPORTS INTERNATIONAL, LLC, | ) ) |
| Appellee. | ) |

## MEMORANDUM ORDER

At Wilmington, this 26th day of August 2021:

On March 29, 2021, *pro se* appellant Ramon Moreno-Cuevas filed a notice of appeal with respect to a Bankruptcy Court order dated January 25, 2021 (B.D.I. 872)[1] ("the Order"), which denied Moreno-Cuevas' motions to dismiss the above-captioned chapter 11 case.  Moreno-Cuevas has filed various other requests for relief from the Order he seeks to appeal, including: (i) *Motion to Vacate Order* (D.I. 9) ("the Motion to Vacate"); and (ii) *Emergency Amended Motion to Suspend Order and Stay Proceedings* (D.I. 20) ("the Emergency Stay Motion").

Also pending before this Court is a motion to dismiss the appeal for lack of jurisdiction (D.I. 10) ("the Motion to Dismiss") filed by appellee, Town Sports International, LLC ("the Debtor").  The Motion to Dismiss argues that the Court lacks appellate jurisdiction to consider this appeal because Moreno-Cuevas failed to file a notice of appeal within the 14-day period prescribed

---

[1]   The docket of the Chapter 11 cases, captioned *In re Town Sports International, LLC*, No. 20-12168 (CSS) (Bankr. D. Del.), is cited herein as "B.D.I. __."

by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules") and failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d)(1).

For the reasons set forth below, the Motion to Dismiss is GRANTED, and the appeal is DISMISSED for lack of subject matter jurisdiction. Accordingly, the Motion to Vacate and Emergency Stay Motion are DENIED as moot.

## I. BACKGROUND

Moreno-Cuevas filed a prepetition lawsuit against the Debtor and certain related parties which is currently pending in the United States District Court for the District of Connecticut ("the Connecticut Action"). Prior to the Petition Date, the Debtors and the other defendants had filed a motion to dismiss the Connecticut Action ("the Connecticut MTD"), asserting, among other things, that Moreno-Cuevas' claims were barred by collateral estoppel and res judicata and under the *Rooker-Feldman* doctrine, because judgment had already been entered for the Debtors in a prior action Moreno-Cuevas had brought in state court. The Connecticut MTD was pending before the Connecticut District Court when the filing of the Debtors' chapter 11 cases stayed the Connecticut proceedings.

On September 14, 2020, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. Thereafter, the Debtor engaged in a bankruptcy court-approved process for the sale of substantially all of the Debtors' assets. (*See* B.D.I. 160, 208, & 639). On October 20, 2020, the Debtor filed a proposed chapter 11 plan (B.D.I. 291) (as amended, "the Plan") and a related disclosure statement.

On December 17, 2020, Moreno-Cuevas filed *the Motion to Dismiss Bankruptcy Case No. 20-12168 (CSS)* (B.D.I. 820), and subsequently filed the *Amended Motion to Dismiss Bankruptcy*

*Case No. 20-12168 (CSS)*, *Pursuant to Creditor's Rights to a Jury Trial* (B.D.I. 872) (collectively, "the Dismissal Motions"). The Dismissal Motions asserted that, among other things, the chapter 11 case should be dismissed in its entirety because it impinged on Moreno-Cuevas' right to a jury trial with respect to the Connecticut Action. On January 18, 2021, Debtor filed an objection to the Dismissal Motions (B.D.I. 894) ("the Objection") asserting that the Dismissal Motions were meritless, the chapter 11 cases were filed in good faith, and requesting that the Dismissal Motions be denied.

On December 18, 2020, after hearing testimony and upon review of the pleadings and the record of the Chapter 11 Cases, the Bankruptcy Court entered an order confirming the Plan (B.D.I. 824 & 828). The Plan designates a Plan Administrator to wind down the Debtors' affairs and establishes a Non-Released Claims Trust to oversee the administration of general unsecured claims such as Moreno-Cuevas' litigation claims. (*See* Plan at Arts. IV.D, IV.E, VII.B, VIII.C.2). The Plan contemplates that these wind-down and claims-reconciliation processes will proceed under the Bankruptcy Court's oversight. (*See* generally Plan at Art. XII).

On January 25, 2021, the Bankruptcy Court held a hearing ("the Hearing") to consider the arguments of both parties regarding the Dismissal Motions. After reviewing the Dismissal Motions and considering the Objection, the Bankruptcy Court entered the Order denying the Dismissal Motions, holding that the chapter 11 cases were filed in good faith and rejecting Moreno-Cuevas' assertion that the right to a jury trial in the Connecticut Action required dismissal of the chapter 11 case. (B.D.I. 872).

The deadline to file an appeal of the Dismissal Motions was February 8, 2021. On March 29, 2021, 63 days after entry of the Order, Moreno-Cuevas filed the *Notice of Appeal and Statement of Election* (B.D.I. 1009) ("the Notice of Appeal"). On June 7, 2021, Moreno-Cuevas

3

filed the *Motion to Vacate* in this Court, requesting that the Court vacate the Order denying the Motions to Dismiss the chapter 11 case and, presumably, stay the conduct of Debtors' chapter 11 case in its entirety while this appeal remains pending. On August 23, 2021, Moreno-Cuevas filed the Emergency Stay Motion requesting essentially the same relief. (D.I. 20).

## II. <u>JURISDICTION</u>

The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). Bankruptcy Rule 8002 provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[2]

"[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007). Following *Bowles*, the Third Circuit has held that the appeal period established by Bankruptcy Rule 8002 is jurisdictional. *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011) ("[W]e hold that the prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional, thus affirming, in light of *Bowles*, the rule that we applied in *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997)."). This deadline is "strictly construed." *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3rd Cir. 1985). "The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review." *Sound Radio*, 109 F.3d at 879; *see also Baker v. United States*, 670 F.3d 448, 455 (3d Cir.

---

[2] Neither subdivision (b) or (c) is relevant here. Subdivision (b)(1) provides "If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion" and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment; (C) for a new trial; (D) for relief from judgment. Fed. R. Bankr. P. 8002(b)(1). Subdivision (c) refers to rules for claimants who are incarcerated. Fed. R. Bankr. P. 8002(c).

2012) ("If a party fails to comply with the prescribed time limits, a court of appeals lacks jurisdiction over his case.").

### III. ANALYSIS

#### A. The Appeal Is Untimely and the Court Lacks Jurisdiction

The Bankruptcy Court issued the Order denying the Dismissal Motions on January 25, 2021. The deadline to file an appeal was 14 days later, or February 8, 2021. Moreno-Cuevas filed the Notice of Appeal on March 29, 2021 – 49 days late. Consequently, Moreno-Cuevas has not timely perfected the appeal, and this Court lacks jurisdiction to consider it. *See* Bankruptcy Rule 8002. Courts routinely dismiss appeals for failure to timely file a notice of appeal – regardless of the amount of time lapsed. *See, e.g., Sound Radio,* 109 F.3d at 879 (affirming dismissal of appeal of bankruptcy court order filed three days late); *Universal Minerals*, 755 F.2d at 311 (affirming dismissal of appeal of bankruptcy court order filed four days late); *see also Bowles* (affirming dismissal of appeal of district court order filed three days late).

The Notice of Appeal was date-stamped by the Bankruptcy Court Clerk on March 29, 2021. (*See* D.I. 1). Moreno-Cuevas does not dispute that the Notice of Appeal was untimely filed. Rather, he appears to assert that (i) the Notice of Appeal should be deemed "filed" on the date that it was mailed and (ii) sending a check for filing fees cures any alleged defect. (*See* D.I. 13 at 1-2). In support of his timeliness argument, Moreno-Cuevas asserts that the "Notice of Appeal was sent on February 7, 2021" (*id.*) and cites a copy of the Notice of Appeal that is included in the appendix to his opening brief on appeal (*see* D.I. 12-1 at 4). Although that copy of the Notice of Appeal is signed and dated February 7, 2021, it is not date-stamped by the Clerk of the Bankruptcy Court.

Under the Bankruptcy Rules, the date the Bankruptcy Court Clerk receives the notice of appeal determines whether the appeal was timely filed. *See* Fed. R. Bankr. P. 8002(a)(1). The Third Circuit has consistently upheld this rule. *See, e.g., In re Hussain*, 532 F. App'x 196, 197 (3d Cir. 2013) ("[t]he date a court receives a notice of appeal controls whether it was timely filed."). So even assuming the Notice of Appeal was mailed on February 7, 2021, as Moreno-Cuevas contends, the Notice of Appeal is not deemed "filed" on that date. *See Caterbone*, 640 F.3d at 111 (holding that, despite having mailed a notice of appeal within the ten-day time period, then in place, for filing a notice of appeal, appellant's notice was untimely because it was not *filed* with the court until after the expiration of the ten-day period); *In re Roadhouse Holding Inc.*, 750 F. App'x 186, 187 & n.3 (3d Cir. 2019) (affirming that a notice of appeal was not "filed" until it was received by the court, explaining that the prison mailbox rule was inapplicable, and holding that an appeal must be dismissed where the appellant failed to file a motion to extend the time to appeal based on a claim of excusable neglect).

Moreno-Cuevas further appears to argue that this Court does not lack jurisdiction over an appeal from the Bankruptcy Court because the Bankruptcy Court's authority is "relegated by the district court." (D.I. 13 at 1). The Third Circuit, however, has held on several occasions that the time limits of Bankruptcy Rule 8002 are jurisdictional and deprive an appellate court of subject matter jurisdiction if the appellant fails to comply. *See Caterbone*, 640 F.3d at 111-12 (citing *Sound Radio*, 109 F.3d at 879; *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals, Inc.* 755 F.2d 309, 311 (3d Cir. 1985)). In *Caterbone*, the court stated:

> Because Section 158 . . . specifies the time within which an appeal must be taken – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional . . . Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the

> statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

*Id.* at 111-12.  Contrary to Moreno-Cuevas' arguments, the Court is without authority to waive the time requirement in Bankruptcy Rule 8002.  As the appeal was untimely, the Court does not have jurisdiction to hear the appeal, and it must be dismissed.  *United States v. Cotton,* 535 U.S. 625, 630 (2002) ("subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); *Caterbone*, 640 F.3d at 114; *Sound Radio*, 109 F.3d at 879.

### B. Moreno-Cuevas Failed to Request an Extension and Cannot Rely Upon an Excusable Neglect Standard

Under Bankruptcy Rule 8002(d)(1), a bankruptcy court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect."  Fed. R. Bankr. P. 8002(d)(1).  Thus, Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period provided in Bankruptcy Rule 8002(a)(1).  Although Moreno-Cuevas could have asked the Bankruptcy Court to extend the time to appeal upon a showing of excusable neglect by filing a motion within 21 days after the time for taking an appeal had expired, he did not do so.  Here, no motion for relief or showing of excusable neglect was ever made to the Bankruptcy Court, and "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired."  *Caterbone*, 640 F.3d at 113-14 (quoting *S'holders*, 109 F.3d at 879 (internal citations omitted)).  The Court is therefore without jurisdiction to consider the appeal regardless of whether Moreno-Cuevas might demonstrate excusable neglect.  *Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005).

7

## IV. CONCLUSION

Having failed to file a timely notice of appeal and having failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d), this Court lacks jurisdiction to hear the appeal, THEREFORE IT IS HEREBY ORDERED that Debtor's Motion to Dismiss (D.I. 10) is GRANTED the appeal is DISMISSED. As the Court lacks jurisdiction to hear and decide the appeal, it also lacks jurisdiction to consider the related motions filed in these proceedings regarding the subject of the appeal, THEREFORE, IT IS FURTHER ORDERED that the Motion to Vacate (D.I. 9) and Emergency Stay Motion (D.I. 20) are DENIED as moot. The Clerk of Court is directed to CLOSE this case.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

8